[No. 9825-7-III. Division Three. August 13, 1991.]

THE STATE OF WASHINGTON, *Respondent,* v. KENNETH LEWIS, *Appellant.*

---

*Robert J. Thompson,* for appellant.

*Dennis DeFelice, Prosecuting Attorney,* and *Ann M. Dilembo, Deputy,* for respondent.

GREEN, C.J. — This matter is before the court on remand from the Supreme Court after the State petitioned for review of *State v. Lewis,* 59 Wn. App. 834, 801 P.2d 289 (1990). This court has been asked to reconsider the issue of whether there was probable cause to arrest Kenneth Lewis for burglary, notwithstanding police officers' testimony to the contrary.

■ Probable cause to arrest exists if

> facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in a belief that an offense has been or is being committed.

*State v. Gluck,* 83 Wn.2d 424, 426-27, 518 P.2d 703 (1974). Additionally, the court may consider the special experience and expertise of the arresting officer. *State v. Knighten,* 109 Wn.2d 896, 899, 748 P.2d 1118 (1988) (quoting *State v. Fricks,* 91 Wn.2d 391, 398-99, 588 P.2d 1328 (1979)). Even if the State concedes there is no probable cause to arrest, this court is not bound by that concession if it is legally erroneous. *Knighten,* at 902.

The court's findings stated:

> (2) On November 20, 1988, an evidence locker at the Pasco Police Department was burglarized. Money, guns, narcotics, and a blue satchel were stolen from that evidence locker. Pasco police officers were given information by a confidential informant who gave officers information in the past that

proved to be correct. During the period between November 20, 1988, and November 22, 1988, this confidential informant told police officers that on November 21, 1988, he or she observed the defendant and another man known as Tony Elias, a/k/a Francisco Elias in a house in Pasco, Washington. The informant told officers that the defendant and Mr. Elias had in their possession money, narcotics, guns and a blue satchel. The defendant and Mr. Elias told the informant that they had just ripped someone off. The informant described the blue satchel and several guns to the Pasco police officers. The descriptions were similar to the guns and blue satchel taken in the evidence locker burglary on November 20, 1988.

(3) The defendant and Tony Elias were in the Franklin County Jail together prior to the evidence locker burglary. Mr. Elias was an outside trustee during his stay at the Franklin County Jail. *Defendant and Mr. Elias were not in custody on November 20, 1988.*

(Italics ours.) At the CrR 3.6 hearing, the officer who transported Mr. Lewis to the police station stated he had been told Mr. Lewis was wanted for questioning by detectives concerning the burglary of an evidence locker at the Pasco Police Department. However, a detective stated the evidence regarding the burglary did not amount to probable cause to arrest Mr. Lewis. Though the trial court entered the above finding,[1] it did not conclude as a matter of law there was probable cause to arrest, stating such a determination was unnecessary because the search of Mr. Lewis could be upheld on other grounds.

There is no challenge to this court's determination Mr. Lewis was arrested at the residence. Thus, the only issue is whether the officer had probable cause to arrest him without a warrant. Since the court found Mr. Lewis was not in custody on the date of the burglary, in the absence of other evidence, it cannot be inferred from the informant's statement that Mr. Lewis probably committed the burglary. Consequently, probable cause did not exist to arrest him without a warrant for the burglary.

---

[1] The trial court did not make findings regarding the confidential informant and the requirements of *State v. Smith*, 102 Wn.2d 449, 455, 688 P.2d 146 (1984).

We affirm our prior decision.

THOMPSON and SHIELDS, JJ., concur.

Review denied at 118 Wn.2d 1003 (1991).