[Nos. 32066-1-I; 33747-5-I. Division One. July 31, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM S. IEREMIA, *Appellant*.

THE STATE OF WASHINGTON, *Respondent*, v. LAKHBIR SINGH, *Appellant*.

---

[14]*Hopson*, 113 Wn.2d at 283.

*Nielsen & Acosta*, for appellants.

*Peter Goldman* and *Theresa Fricke*, for respondent.

AGID, J. — These cases, which the court has consolidated on appeal, highlight the distinction between lesser included offenses and inferior degree crimes. William Ieremia and Lakhbir Singh each appeals his conviction for second degree rape. Both claim their juries should have been instructed on the elements of third degree rape, which they argue is a lesser included offense of second degree rape. We hold that third degree rape is not a lesser included offense of second degree rape because all the elements of the lesser crime are not necessary elements of the greater. Third degree rape *is*, however, an inferior *degree* of the crime of second degree rape, and an inferior degree instruction would have been necessary had either the defendant or the State produced affirmative evidence that the defendant was guilty only of the less serious degree of the crime. Because no party produced such evidence in either of these cases, the trial court thus properly refused to instruct the juries on the elements of third degree rape, and we affirm both convictions.

## FACTS

The State charged Lakhbir Singh with the second degree rape of J.P. At trial, J.P. testified that Singh, a coworker, had invited her to his apartment to watch a movie. During the movie, Singh forced her to drink up to six glasses

of whiskey by wrapping his arm around her and placing his hand over hers. Singh then grabbed her by the arms and carried her to the bedroom where he took off her clothes and raped her. She cried out for him to stop and protested repeatedly that she wanted to go home, but he covered her mouth with his hand. During the rape, he grabbed her breast and hurt her a great deal. She slapped him, but he did not stop until he heard a knock on the door. At that point, she walked out into the living room where there was a police officer to whom she reported the rape.

The physician who examined J.P. immediately after the rape testified that her pelvic area had been traumatized, her vaginal area was torn, and she had multiple bruises and abrasions on her arms, back, breasts, and other parts of her body. The detective who took J.P.'s statement two days after the rape also noticed extensive bruises. The State introduced the photographs of these injuries. Singh's neighbor testified that she and her family heard screams and thumps coming from Singh's apartment, and it was they who called the police.

Singh testified that he and J.P. engaged in intercourse, but that it was consensual. When he told her he was too drunk to drive her home, she became enraged and started yelling, throwing things at him, and hitting him and herself. He began to call the police, but hung up when she promised to calm down. Moments later, the police arrived.

Defense counsel asked the court to instruct the jury on third degree rape as a lesser included offense of rape in the second degree. The court denied the request on the ground that the evidence established either second degree rape or no rape at all. The jury found Singh guilty as charged.

The State also charged William Ieremia with the second degree rape of M.R. M.R. testified that Ieremia approached her as she was sitting in a park, grabbed her wrists and told her they were going for a ride. She protested and tried to pull away, but did not scream or call for help, al-

though there were other people in the park. Ieremia drove her to another nearby park, where he pulled her hair, covered her mouth when she tried to scream, and, despite her struggles, raped her. Ieremia then dropped M.R. off near her home. She did not say anything about the rape to her mother-in-law, with whom she lived, but soon left the house and called the police to report the rape. The officer who responded to M.R.'s call described her as upset, shaking, and crying. The officer drove M.R. to the hospital where an examination revealed no signs of physical or vaginal trauma.

Ieremia testified that he approached M.R. as she was sitting on a bench in the park, and she agreed to go for a ride with him. They drove to a nearby park and engaged in consensual intercourse. He said he understood her to consent because she never cried out or said no, and she removed her own pants. They held hands and walked to a nearby park bench, where he asked M.R. to have dinner with him and meet him later at the park. Ieremia said she agreed, and he drove her home at her direction.

After each side rested, defense counsel proposed a lesser included offense instruction for third degree rape. The trial court refused to give the instruction, primarily because the evidence did not support a finding that Ieremia committed only third degree rape. The jury found Ieremia guilty as charged.

## DISCUSSION

### A

### Lesser Included Offense Instruction

Under *State v. Workman*, 90 Wn.2d 443, 447-48, 584 P.2d 382 (1978), a defendant is entitled to a lesser included offense instruction if (1) each of the elements of the lesser offense is a necessary element of the charged offense (a legal test) and (2) the evidence supports an inference that the defendant committed the lesser offense (a factual test). If the charged crime can be committed by

alternative means, the legal prong of the *Workman* test also requires that every element of the proposed lesser offense be a necessary element of all of the alternate means of committing the greater offense. *State v. Davis*, 121 Wn.2d 1, 846 P.2d 527 (1993); *State v. Curran*, 116 Wn.2d 174, 804 P.2d 558 (1991). Stated differently, if it is possible to commit the greater offense without committing the lesser offense, the latter is not an included crime. *State v. Harris*, 121 Wn.2d 317, 849 P.2d 1216 (1993). *See also State v. Hurchalla*, 75 Wn. App. 417, 423, 877 P.2d 1293 (1994) (if the lesser included offense does not have to be committed to commit the charged crime by all the alternative means, there cannot be a lesser included offense).

The elements of second degree rape are :

[U]nder circumstances not constituting rape in the first degree, the person engages in sexual intercourse with another person:

(a) By forcible compulsion;

(b) When the victim is incapable of consent by reason of being physically helpless or mentally incapacitated;

(c) When the victim is developmentally disabled and the perpetrator is a person who is not married to the victim and who has supervisory authority over the victim;

(d) When the perpetrator is a health care provider, the victim is a client or patient, and the sexual intercourse occurs during a treatment session, consultation, interview, or examination. It is an affirmative defense that the defendant must prove by a preponderance of the evidence that the client or patient consented to the sexual intercourse with the knowledge that the sexual intercourse was not for the purpose of treatment[.]

RCW 9A.44.050(1).

A person is guilty of rape in the third degree when,

[U]nder circumstances not constituting rape in the first or second degrees, such person engages in sexual intercourse with another person, not married to the perpetrator:

(a) Where the victim did not consent as defined in RCW

9A.44.010(6), to sexual intercourse with the perpetrator and such lack of consent was clearly expressed by the victim's words or conduct, or

(b) Where there is threat of substantial unlawful harm to property rights of the victim.

RCW 9A.44.060(1). That the victim consented is a defense, but the consent must be freely given.

A comparison of the two statutes demonstrates that each element of the lesser offense is not necessarily an element of the offense charged. Third degree rape requires both that the victim not be married to the perpetrator and that the victim clearly express a lack of consent by words or conduct. Nor is every element of third degree rape a necessary element of the three alternate means of committing second degree rape. Because second degree rape can be committed without committing third degree rape, the latter cannot be a lesser included offense under the legal prong of the *Workman* test. *See State v. Markle*, 118 Wn.2d 424, 433-37, 823 P.2d 1101 (1992) (indecent liberties under former RCW 9A.44.100(1) is not a lesser included offense of either first or second degree statutory rape under former RCW 9A.44.070 and .080 because the crime of indecent liberties contains the elements of non-marriage and sexual gratification, which are not elements of statutory rape).

Singh argues that prior Washington cases have assumed that third degree rape is a lesser included offense of second degree rape. He cites *State v. Weisberg*, 65 Wn. App. 721, 829 P.2d 252 (1992), where the trial court gave an instruction on second degree rape and "the lesser included offense of rape in the third degree". 65 Wn. App. at 724. The State did not appeal the third degree rape instruction. It was not an issue on appeal, and the appellate court did not even discuss whether third degree rape was in fact a lesser included offense of second degree rape. Similarly, in *State v. Elmore*, 54 Wn. App. 54, 771 P.2d 1192 (1989), the court discussed an element of third degree rape, but again did not address whether that crime was

actually a lesser included offense of second degree rape. In *State v. Standifer*, 48 Wn. App. 121, 737 P.2d 1308, *review denied*, 108 Wn.2d 1035 (1987), the State charged the defendant with second degree rape and the jury convicted him of third degree rape. Again, the issue of whether third degree rape was actually a lesser included offense was neither appealed nor discussed by the court.

In *State v. Bright*, 77 Wn. App. 304, 890 P.2d 487 (1995), the court assumed in dicta that third degree rape is a lesser included offense of second degree rape. Bright had claimed consent as a defense to a first degree rape charge. He was an armed tribal police officer and, at the time of the rape, he was transporting the victim to jail. The victim testified that she did not resist, struggle or tell him to stop. The appellate court reversed his conviction for first degree rape because there was insufficient evidence of a threat with a deadly weapon. In the event Bright was retried for second degree rape, the appellate court said the trial court should give an instruction on the lesser included offense of third degree rape. The court discussed the factual prong of the *Workman* test and noted that the evidence could support multiple inferences, including forcible compulsion or that the victim had either not consented or that her consent was coerced by the officer's abuse of the circumstances. *Bright*, 77 Wn. App. at 311. The court did not, however, discuss the legal prong of the *Workman* test.

Each of the four cases discussed above met the factual prong of the *Workman* test. Since third degree rape is clearly an *inferior degree* crime of second degree rape, an instruction on third degree rape, as an inferior degree crime rather than a lesser included offense, was proper. However, none of these cases establishes that third degree rape is a lesser *included offense* of second degree rape. We

hold that it is not, since the legal prong of the *Workman* test is not met.[1]

## B

## Inferior Degree Crime

■ Having determined that third degree rape is not a lesser included offense of second degree rape, we next address whether the appellants were nonetheless entitled to jury instructions on third degree rape because it is a lesser degree of second degree rape. Our criminal code differentiates between inferior degree crimes and lesser included offenses. RCW 10.61.003 provides that where a defendant is charged with an offense that is divided into degrees, the jury may find the defendant not guilty of the charged degree and guilty of any inferior degree of the offense. RCW 10.61.006 provides that "[i]n all other cases the defendant may be found guilty of an offense the commission of which is necessarily included within" the charged offense.[2]

■■ Although a defendant may, under RCW 10.61.003, be convicted of a lesser degree of a crime than the one charged, a lesser degree offense instruction is improper unless there is evidence that he or she committed only the lesser degree offense. *State v. Daniels*, 56 Wn. App. 646,

---

[1]In *Ieremia*, the State conceded that the legal prong is met and that rape in the third degree is legally a lesser included offense of rape in the second degree. We are not bound by the State's concession, however. *State v. Lewis*, 62 Wn. App. 350, 351, 814 P.2d 232, *review denied*, 118 Wn.2d 1003 (1991). The State did not make the same concession in *Singh*.

[2]The comments to WPIC 4.11 suggest there is no logical distinction between lesser degree crimes and lesser included offenses. We disagree. Some lesser degree crimes simply involve a less culpable mental state—homicide, for example—but the elements of the lesser crimes are otherwise the same as the greater. In other crimes, such as rape and assault, there are differences in elements. Thus, not all lesser degree crimes can meet the legal prong of the *Workman* test and, as our analysis of the crimes of second- and third-degree rape indicates, do not qualify as lesser included offenses.

651, 784 P.2d 579, *review denied*, 114 Wn.2d 1015 (1990).[3] It is not sufficient that the jury might simply disbelieve the State's evidence supporting the charged crime. *Hurchalla*, 75 Wn. App. at 423. Rather, the evidence must support an inference that the defendant committed the lesser offense *instead of* the greater one. *State v. Bergeson*, 64 Wn. App. 366, 369, 824 P.2d 515 (1992). Ieremia and Singh were entitled to lesser degree instructions only if their juries could have concluded that they committed third degree instead of second degree rape.

The Supreme Court recently disposed of this issue in *State v. Charles*, 126 Wn.2d 353, 894 P.2d 558 (1995). The State charged Charles with second degree rape, alleging that he engaged in sexual intercourse by forcible compulsion. The victim testified that Charles forced her to the ground and made her have sex with him. Charles claimed the intercourse was consensual. The Supreme Court held Charles was not entitled to an instruction on third degree rape because there was no evidence that the intercourse was nonconsensual but unforced. The court reasoned that, if the jury believed the victim's testimony, Charles was guilty of second degree rape. If, however, it believed Charles' testimony, he was not guilty of any degree of rape. In order to find him guilty of third degree rape it concluded, "the jury would have to disbelieve both Charles' claim of consent and the victim's testimony that the act was forcible." 126 Wn.2d at 356. As there was no other testimony, the jury could not have done so.

The facts in the cases before us compel a similar result because in neither did the State or the appellant present evidence that would support a conviction for third degree rape. In *Singh*, the State produced extensive evi-

---

[3]Although our statutes distinguish between lesser degree offenses and lesser included offenses, this distinction is relevant only to whether an analysis of the legal prong of *Workman* is necessary. Where a crime is a lesser degree offense, there is no need to analyze the legal prong of *Workman* because the Legislature has provided that defendant may be convicted of lesser degree offenses. In that event, we analyze only the factual prong to determine whether a defendant is entitled to a lesser degree instruction. This analysis is the same as the one we use under *Workman* for a lesser included offense instruction.

dence of forcible compulsion, including the bruises on the victim's arms and other physical injuries. Singh's defense was that J.P. consented to intercourse, and that the bruising on her arms was caused when she flew into a rage and hit herself. He did not, however, offer any evidence to refute the State's evidence of forcible compulsion. In addition, neither he nor the State offered any evidence from which the jury could conclude that he was guilty of third-degree rape; i.e., that J.P. did not consent but there was no forcible compulsion. Based on the evidence, the jury could only have found him guilty of rape by forcible compulsion or acquitted him. He was, therefore, not entitled to an instruction on the lesser degree of the crime.

Likewise, Ieremia presented no affirmative evidence that the sexual intercourse with M.R. was merely nonconsensual. He maintained throughout the trial that she consented to it. Consent is an affirmative defense to all degrees of rape but, by definition, cannot be affirmative evidence of nonconsent. Ieremia argued on appeal that the evidence supporting nonconsent was the absence of injury and M.R.'s testimony on cross-examination that she did not struggle or yell as she was pulled to the car. That is not evidence of nonconsent. Rather, it tends to support Ieremia's defense of consent. As the trial court noted, Ieremia's consent defense left the jury with the choice of finding him guilty of second degree rape or acquitting him of the charge altogether. As in *Charles*, there was no affirmative evidence that the intercourse was unforced but still nonconsensual, and Ieremia was not entitled to a jury instruction on third degree rape.

Singh's reliance on *State v. McClam*, 69 Wn. App. 885, 850 P.2d 1377, *review denied*, 122 Wn.2d 1021 (1993) is misplaced. The State charged McClam with possession of a controlled substance with intent to distribute. The arresting officer had observed him hand something from a cellophane package to a man in a blue jacket who then yelled that he had been given "bunk" (fake drugs). After transporting McClam to the police station, the officer

searched the squad car and found a cellophane package containing rock cocaine. At trial, McClam claimed that he possessed no drugs on the day he was arrested. He nevertheless argued that the jury should have been instructed on the lesser included offense of possession because the State's evidence supported an inference that he committed only that crime. The State argued that McClam's testimony that he possessed no drugs at all precluded an instruction on the lesser included offense of simple possession. We held that the State's evidence that the man in the blue jacket yelled that he had been given "bunk" could support a reasonable inference that McClam had sold bunk and retained the cocaine for his own personal use. *McClam*, 69 Wn. App. at 888. Thus, even though McClam relied on a defense inconsistent with the lesser included offense, there was also affirmative evidence produced by the State which supported the lesser included offense instruction. Similarly, in *Bright*, discussed *supra*, although the victim testified that she did not struggle or otherwise indicate a lack of consent, the jury was presented with evidence that her consent, even if given, was coerced by the fact that the rapist was an armed officer of the law. Since coerced consent is equivalent to nonconsent, that evidence was sufficient to warrant an instruction on the lesser degree crime of third degree rape.

We affirm both convictions.

GROSSE and COLEMAN, JJ., concur.

Review denied at 128 Wn.2d 1009 (1996).