**FILED**
**JANUARY 11, 2022**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 37752-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSHUA JAMES LEWANDOWSKI, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, J. — Joshua James Lewandowski pleaded guilty to first degree rape of a

child and was sentenced to community custody conditions prohibiting contact with

minors for the rest of his life, and submitting to urinalysis and breathalyzer testing.

RCW 9A.44.073 (class A felony). Mr. Lewandowski challenges these conditions on

appeal, arguing that he is entitled to an exception for contact with his own future

biological children, and that the urinalysis and breathalyzer testing are unrelated to the

charge. The State concedes both issues. Despite the State's concession, we hold that the

requirement for urinalysis testing is reasonably related to the valid condition that Mr.

Lewandowski not use or consume non-prescribed controlled substances. We affirm the sentence and remand to modify the community custody condition to allow contact with future biological children and strike the condition requiring breathalyzer testing.[1]

FACTS

On November 16, 2016, the sheriff for Whitman County, Brett Myers, was contacted by Sergeant Keith Cooper regarding a child sexual assault. A full rape kit was conducted with the child at the hospital. After a full investigation including an interview of Mr. Lewandowski, Officer Myers determined there was probable cause and arrested Mr. Lewandowksi. On January 13, 2017, Mr. Lewandowski pleaded guilty to one count of rape of a child in the first degree. In the charging document, the State alleged that Mr. Lewandowski had sexual intercourse with a four-year-old boy, K.J. The charges did not indicate involvement of any alcohol or substance use or abuse.

On March 3, 2017, Mr. Lewandowski was sentenced to 123 months' incarceration and lifetime community custody. The court imposed multiple conditions of community custody. Under the crime related prohibitions number 5, the court prohibited Mr. Lewandowski from having contact with any minors. Under the affirmative conduct requirements, the court prohibited Lewandowski from consuming or possessing non-

---

[1] Mr. Lewandowski's direct appeal was originally consolidated with his personal restraint petition, No. 38043-2-III. By letter dated June 24, 2021, this court severed the consolidation and directed that the cases be reviewed independent of each other.

prescribed controlled substances, and required Lewandowski to submit to urinalysis and breathalyzer testing.

ANALYSIS

Community custody conditions are reviewed for abuse of discretion. *State v. Padilla*, 190 Wn.2d 672, 677, 416 P.3d 712 (2018). A trial court's decision is an abuse of discretion when it clearly shows that the trial court's discretion was manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

Mr. Lewandowski challenges the community custody condition that prohibits him from having contact with any minor, arguing that if he has children in the future, this blanket prohibition will violate his constitutional right to parent his child. Mr. Lewandowski raises the constitutional issue that one has a "fundamental right to the care, custody, and companionship of one's children." *In re Pers. Restraint of Rainey*, 168 Wn.2d 367, 374, 229 P.3d 686 (2010). The court has limited these constitutional rights if the parent's actions seriously conflict with the physical and mental well-being of the child. *In re Welfare of Sumey*, 94 Wn.2d 757, 762, 621 P.2d 108 (1980); RCW 29.09.002. The sentencing court may impose conditions upon the person when they are essential to accomplish the State's needs of protecting the child. *Rainey*, 168 Wn.2d at 377 (citing *State v. Warren*, 165 Wn.2d 17, 32, 195 P.3d 940 (2008)).

3

The condition implemented by the trial court under community custody condition number 5 prohibits Mr. Lewandowksi from contact with minors. Mr. Lewandowski did not victimize someone who was his biological child or a child of someone with whom he was in a relationship. The trial court's record did not contain evidence that supervised or indirect contact with biological children would put such children in danger. Mr. Lewandowski correctly asserts a violation of his fundamental rights. The State unconstitutionally interfered with his familial relationship. *United States v. Loy*, 237 F.3d 251, 269-70 (3d Cir. 2001). The State concedes that the condition is overbroad and should be narrowed.

Mr. Lewandowski also challenges the community custody conditions that require him to submit to testing by urinalysis and breathalyzer as directed by his community corrections officer. Although the State concedes on both issues, we are not bound by an erroneous concession. *State v. Lewis*, 62 Wn. App. 350, 351, 814 P.2d 232 (1991). As a condition of his community custody, Mr. Lewandowski was prohibited from possessing or consuming non-prescribed controlled substances. Because this non-crime related condition is authorized by RCW 9.94A.703(2)(c), the court has discretion to order urinalysis testing to enforce this condition. *State v. Vant*, 145 Wn. App. 592, 604, 186 P.3d 1149 (2008).

On the other hand, the court did not prohibit Mr. Lewandowski from possessing or consuming alcohol. Consequently, the condition to submit to breathalyzer testing under

condition number 10 was not related to the conditions of his community custody and was therefore untenable.

We affirm Mr. Lewandowski's sentence but remand with instructions to amend the community custody conditions so that condition number 5 does not prevent Mr. Lewandowski from having contact with his own children, and striking condition number 10 requiring breathalyzer testing.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Fearing, J.

_____
Pennell, C.J.