[No. 62062-8. En Banc. May 11, 1995.]

THE STATE OF WASHINGTON, *Petitioner*, v. LOUIS CHARLES, *Respondent*.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Bruce Hanify, Deputy,* for petitioner.

*Paul J. Wasson,* for respondent.

PER CURIAM. — The State petitions for review of a Court of Appeals decision reversing Louis Charles' second degree rape conviction on the ground that the trial court erred in failing to give Charles' proposed instruction on third degree rape. The State contends that the evidence presented at trial did not support such an instruction. We agree and reverse the Court of Appeals.

The information accused Charles of committing second degree rape by engaging in sexual intercourse with S.S. by forcible compulsion. At trial, Charles and the victim, S.S., testified to strikingly different versions of the events on the night of the crime.

S.S. said that she saw Charles sitting on the hood of a car parked outside her friend's house. When she asked Charles what he was doing, he got off the car and grabbed her around the shoulders. He then walked her past two houses and pushed her onto her back on the ground behind a bush. He took off her shoes, T-shirt, and socks, and partially removed her jeans and underpants. She pleaded with him to stop, struggled, scratched him, and may have hit him once. He then forcibly engaged in vaginal and oral intercourse with her. S.S. eventually managed to run away.

When the police arrived a few minutes later, one of the officers saw Charles sitting nearby. S.S. identified Charles as the man who raped her. After being informed of his rights, Charles said he did not hit "her". Later, Charles denied raping S.S. and said he had not had intercourse with anyone that night.

The doctor who examined S.S. at the hospital testified that there were fresh bruises on her arms consistent with having been squeezed around her arms. There were also abrasions on her knees, bruises on her shins, and blades of grass in her vagina.

Charles testified that he offered S.S. a beer when she approached him. She then mentioned that she was upset that she spent all her money and had none for her children. He offered her $20 "for a quick one". S.S. initially turned him down, but then agreed and told Charles not to tell

anyone. They found a place where she laid down Charles' jacket and her T-shirt to cover the ground. He then helped her remove her clothes, and tried to have sex with her. Though he was too drunk to complete the act, he gave her the promised $20. She then ran away.

Defense counsel proposed an instruction on third degree rape as a lesser included offense and excepted to the court's failure to give this instruction. The jury found Charles guilty of second degree rape. The Court of Appeals reversed, solely on the ground that there was sufficient evidence to support an instruction on third degree rape.

■ This holding conflicts with *State v. Fowler*, 114 Wn.2d 59, 67, 785 P.2d 808 (1990) and *State v. Speece*, 115 Wn.2d 360, 363, 798 P.2d 294 (1990).[1] A lesser included offense instruction is proper only if each element of the lesser offense is necessarily included in the charged offense and "there is sufficient evidence to support an inference that the lesser crime was committed." *State v. Speece, supra* at 362; *see State v. Fowler, supra* at 67-68; *State v. Harris*, 121 Wn.2d 317, 849 P.2d 1216 (1993). Also, as we further explained in *Fowler* and *Speece*, "[i]t is not enough that the jury might simply disbelieve the State's evidence." *State v. Fowler, supra* at 67; *State v. Speece, supra* at 363. "Instead, some evidence must be presented which affirmatively establishes the defendant's theory on the lesser included offense before an instruction will be given." *Fowler*, at 67; *Speece* at 363.

The Court of Appeals reasoned that the evidence here would support an inference that S.S. did not consent to intercourse with Charles and clearly expressed her lack of consent, but that Charles did not use forcible compulsion to overcome her resistance. *See* RCW 9A.44.060(1)(a) (third degree rape). We disagree. According to the victim, Charles forced her to the ground, she struggled, and he forced her to have sex with him. If the jury believed this testimony, Charles was guilty of second degree rape. RCW 9A.44.050. According to Charles, the two engaged in a consensual act

---

[1] Although we agree with the State's position, we note that the State has not at any point cited these controlling cases.

of intercourse, and he was not guilty of any degree of rape. In order to find Charles guilty of third degree rape, the jury would have to disbelieve both Charles' claim of consent and the victim's testimony that the act was forcible. But there is no affirmative evidence that the intercourse here was unforced but still nonconsensual. Thus, the trial court properly refused to instruct the jury on third degree rape.

We reverse the Court of Appeals decision and reinstate Charles' conviction for second degree rape.