FILED
COURT OF APPEALS
DIVISION II

2014 MAY 20  AM 10: 54

STATE OF WASHINGTON

BY_____
          DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43532-2-II |
| Respondent, | |
| v. | |
| DONALD WAYNE COREY, | ORDER PUBLISHING OPINION |
| Appellant. | |

**APPELLANT** has moved to publish the opinion filed on April 1, 2014. The Court has determined that the opinion in this matter satisfies the criteria for publication. It is now

**ORDERED**, that the motion to publish is granted and the opinion's final paragraph reading:

> A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

is deleted. It is further

**ORDERED**, that this opinion will be published.

DATED this _____20TH_____ day of _____MAY_____, 2014.

_____
Worswick, C.J.

_____
Johanson, J.

_____
Lee, J.

FILED
COURT OF APPEALS
DIVISION II

2014 APR -1  AM 9: 24

STATE OF WASHINGTON
BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43532-2-II |
| Respondent, | |
| v. | |
| DONALD WAYNE COREY, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, C.J. — A jury returned verdicts finding Donald Wayne Corey not guilty of indecent liberties with forcible compulsion, not guilty of second degree rape, and guilty of the lesser-degree offense of third degree rape. Corey appeals his conviction, asserting that the trial court erred by instructing the jury on the uncharged lesser-degree offense of third degree rape. Because the evidence at trial supported a jury finding that Corey engaged in nonconsensual sexual intercourse with the victim without forcible compulsion, we hold that the trial court did not err by instructing the jury on the lesser-degree offense of third degree rape and, thus, we affirm Corey's conviction.

## FACTS

One evening in 2012, 19-year-old AB went to a motel in Vancouver, Washington to visit her 17-year-old friend ARB.[1] ARB was staying at the motel with her aunt and had invited AB to

---

[1] We identify the sex crime victim and the juvenile witness by their initials to protect their privacy interests. General Order 2011-1 of Division II, *In Re the Use of Initials or Pseudonyms for Child Witnesses in Sex Crimes* (Wash. Ct. App.), available at http://www.courts.wa.gov/appellate and trial courts.

the motel to use the pool and hot tub. AB and ARB entered the hot tub and began conversing with a couple. Sometime after the couple left the pool area, Corey entered the hot tub and began speaking with AB and ARB in a sexual manner. AB told Corey that she was 16 years old, that she was not interested in men, and that she was dating ARB. Corey, who was then 63 years old, told AB that he has had several girlfriends that were younger than her. Corey also asked AB if she wanted to go to a nearby sex store with him; AB told him no.

While in the hot tub, Corey began rubbing AB's leg. AB pushed Corey's hand away and moved to the other side of the hot tub. Corey moved next to AB, slowly put his hand up her shorts, and tried to touch her private areas. AB told Corey to stop and that she didn't like to be touched. Corey laughed and told AB that he wasn't going to hurt her. According to AB, Corey then tried to "cram his fingers inside" her. Report of Proceedings (RP) at 68. When asked to elaborate on this statement, AB replied, "He tried to forcibly put his fingers inside of me." RP at 68.

AB left the hot tub and sat on the side of the pool. Corey entered the pool and tried to pull AB in with him. AB told Corey to stop touching her and pushed him away. AB then left the pool and got back in the hot tub. Corey followed AB into the hot tub and bit her on the chest. Corey also took off his shorts and touched AB on her back with his penis. Corey also touched the inside of AB's thighs and, when AB pushed his hand away, pushed his hand up further and digitally penetrated her vagina. AB pushed Corey back, saw ARB's aunt walking by, and left the pool area.

When AB and ARB got back to the motel room, ARB's aunt encouraged AB to report the incident to the front desk. After reporting the incident to the front desk, AB left the motel.

No. 43532-2-II

Following an investigation, the State charged Corey with indecent liberties with forcible compulsion and second degree rape.

At trial, over defense objection, the trial court instructed the jury on the offense of third degree rape. The jury returned verdicts finding Corey not guilty of indecent liberties with forcible compulsion, not guilty of second degree rape, and guilty of third degree rape. Corey timely appeals his conviction.

## ANALYSIS

Corey contends that the trial court erred by instructing the jury on the lesser-degree offense of third degree rape. We disagree.

Generally, a criminal defendant may only be convicted of crimes charged in the State's information. *State v. Tamalini*, 134 Wn.2d 725, 731, 953 P.2d 450 (1998). But, under RCW 10.61.003, a criminal defendant may also be convicted of a lesser-degree offense to a crime charged in the information. *State v. Fernandez-Medina*, 141 Wn.2d 448, 453, 6 P.3d 1150 (2000). RCW 10.61.003 provides:

> Upon an indictment or information for an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment or information, and guilty of any degree inferior thereto, or of an attempt to commit the offense.

A trial court may instruct the jury on a lesser-degree offense only when the following factors are met:

> "(1) the statutes for both the charged offense and the proposed inferior degree offense 'proscribe but one offense'; (2) the information charges an offense that is divided into degrees, and the proposed offense is an inferior degree of the charged offense; and (3) there is evidence that the defendant committed only the inferior offense."

3

No. 43532-2-II

*Fernandez-Medina*, 141 Wn.2d at 454 (quoting *State v. Peterson*, 133 Wn.2d 885, 891, 948 P.2d 381 (1997)).  Corey challenges the third factor, arguing that the evidence at trial was insufficient to establish that he had committed only third degree rape.

When determining whether the evidence at trial was sufficient to support the trial court's giving of a lesser-degree offense jury instruction, we view the supporting evidence in the light most favorable to the instruction's proponent, here the State. *Fernandez-Medina*, 141 Wn.2d at 455-56.  But such supporting evidence must consist of more than the jury's disbelief that the defendant committed the greater-degree offense and, instead, must affirmatively establish that the defendant committed the lesser-degree offense. *Fernandez-Medina*, 141 Wn.2d at 456.  A trial court should give a requested lesser-degree jury instruction "'[i]f the evidence would permit a jury to rationally find a defendant guilty of the lesser offense and acquit him of the greater.'" *Fernandez-Medina,* 133 Wn.2d at 456 (quoting *State v. Warden*, 133 Wn.2d 559, 563, 947 P.2d 708 (1997)).  A trial court's decision about whether to instruct on a lesser-degree offense involves the application of law to facts, which we review de novo.  *Fernandez-Medina*, 141 Wn.2d at 454 (stating a three-part test that includes legal and factual components); *State v. Dearbone*, 125 Wn.2d 173, 178, 883 P.2d 303 (1994) (noting that mixed questions of law and fact are reviewed de novo).

Here, the State charged Corey with second degree rape under RCW 9A.44.050(1)(a). RCW 9A.44.050(1)(a) defines second degree rape as follows:

> A person is guilty of rape in the second degree when, under circumstances not constituting rape in the first degree, the person engages in sexual intercourse with another person . . . [b]y forcible compulsion.

4

"Forcible compulsion' means that 'the force exerted was [(1)] directed at overcoming the victim's resistance and [(2)] was more than that which is normally required to achieve penetration.'" *State v Wright*, 152 Wn. App. 64, 71, 214 P.3d 968 (2009) (quoting *State v. McKnight*, 54 Wn. App. 521, 528, 774 P.2d 532 (1989)). In other words, "Forcible compulsion is not the force inherent in any act of sexual touching, but rather is that 'used or threatened to overcome or prevent resistance by the [victim].'" *State v. Ritola*, 63 Wn. App. 252, 254-55, 817 P.2d 1390 (1991) (quoting *McKnight*, 54 Wn. App. at 527).

Third degree rape is an inferior degree offense of second degree rape. *State v. Ieremia*, 78 Wn. App. 746, 753, 899 P.2d 16 (1995). Former RCW 9A.44.060(1)(a) (1999) defined third degree rape as follows:

> A person is guilty of rape in the third degree when, under circumstances not constituting rape in the first or second degrees, such person engages in sexual intercourse with another person, not married to the perpetrator . . . [w]here the victim did not consent as defined in RCW 9A.44.010(7)[2] to sexual intercourse with the perpetrator and such lack of consent was clearly expressed by the victim's words or conduct.

Here, the evidence presented at trial was sufficient to support the jury finding that AB, by her words or conduct, clearly expressed a lack of consent to engage in sexual intercourse with Corey. AB testified that after Corey made sexual advances toward her, she told him that she was not interested in men and that she was in a relationship with ARB. Then, when Corey began rubbing her leg, AB pushed his hand away and moved away from him. And when Corey tried to put his hand in AB's shorts and tried to touch her private areas, AB told him to stop and that she

---

[2] Under RCW 9A.44.010(7), "'consent' means that at the time of the act of sexual intercourse or sexual contact there are actual words or conduct indicating freely given agreement to have sexual intercourse or sexual contact."

did not want to be touched. AB again told Corey to stop touching her and pushed him away after he pulled her into the pool.

The evidence also supported a reasonable inference that any force used by Corey to achieve sexual intercourse with AB was not "'more than that which is normally required to achieve penetration.'" *Wright*, 152 Wn. App. at 71 (quoting *McKnight*, 54 Wn. App. at 528). With regard to AB's testimony about Corey rubbing her leg, initially trying to touch her private areas, biting her chest, and touching her back with his penis, AB did not describe any force used by Corey beyond that which was required to make physical contact with her. And although AB testified that at some point in the evening Corey had pulled her shorts down and had "tried to *forcibly* put his fingers inside of [her]," she did not elaborate on what she had meant by "forcibly," and did not describe Corey's level of force or her resistance to such force. RP at 68 (emphasis added). Thus, AB's statement that Corey "forcibly put his fingers inside of [her]" did not preclude a jury from finding that the level of force Corey used was not more than what was required to achieve sexual intercourse. Similarly, AB's testimony that she had pushed Corey's hand away from her thighs before Corey "pushed his hand up there more" and digitally penetrated her vagina, did not preclude a jury from finding that Corey's conduct did not amount to forcible compulsion. RP at 75.

Corey argues that *State v. Charles*, 126 Wn.2d 353, 894 P.2d 558 (1995), and *Wright* require us to reverse his third degree rape conviction. But *Charles* and *Wright* are clearly distinguishable from the present case. In *Charles*, the victim testified that the defendant

> grabbed her around the shoulders. He then walked her past two houses and pushed her onto her back on the ground behind a bush. He took off her shoes, T-shirt, and socks, and partially removed her jeans and underpants. She pleaded with him to stop, struggled, scratched him, and may have hit him once. He then

6

forcibly engaged in vaginal and oral intercourse with her. [She] eventually managed to run away.

126 Wn.2d at 354. In contrast with the victim's testimony, the defendant in *Charles* testified that his sexual intercourse with the victim was consensual. 126 Wn.2d at 354-55. Our Supreme Court held that under these circumstances the trial court erred by instructing the jury on third degree rape, reasoning that "[i]n order to find Charles guilty of third degree rape, the jury would have to disbelieve both Charles' claim of consent and the victim's testimony that the act was forcible. But there is no affirmative evidence that the intercourse here was unforced but still nonconsensual." *Charles*, 126 Wn.2d at 356. Similarly in *Wright*, we held that the trial court erred by instructing the jury on third degree rape where the victim testified that

> (1) she was pushed or pulled into the room; (2) she did not willingly lay down on the bed; (3) someone pulled her clothes off of her body, she did not willingly remove them; (4) she was held down on the bed by the body weight of one man while another man penetrated her; (5) something on her left side was holding her shoulder back so that she could not get up; and (6) she told them to stop.

152 Wn. App. at 73. In so holding, we reasoned that the evidence at trial did not support a jury finding that the defendant committed "an unforced, nonconsensual rape." *Wright*, 152 Wn. App. at 72.

Here, unlike in *Charles* and *Wright*, the evidence at trial supported a jury finding that Corey did not engage in forcible compulsion to achieve his nonconsensual sexual intercourse with the victim. In contrast with the State's evidence in *Charles* and *Wright*, in which the victims had provided detailed testimony regarding the specific instances where the defendants' exerted force to overcome their physical resistance to sexual intercourse, here AB's descriptions of Corey's conduct in trying to "forcibly put his fingers inside of [her]" and pushing his hand up her thighs before digitally penetrating her vagina was vague and did not describe the level of

No. 43532-2-II

force Corey used to achieve sexual intercourse. Thus, unlike in *Charles* and *Wright*, the jury here could have believed the victim's testimony but still have found that the defendant's conduct did not amount to forcible compulsion. Accordingly, the trial court did not err by instructing the jury on third degree rape as a lesser-degree offense of second degree rape, and we affirm Corey's conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, C.J.

We concur:

Johanson, J.

Lee, J.

8