# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50851-6-II |
| Respondent, | |
| v. | |
| BRANDON SCOTT MARTIN, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. – The State charged Brandon Scott Martin with second degree assault. The jury convicted him of the inferior degree offense of third degree assault. Martin appeals his conviction, arguing that the trial court erred by instructing the jury on the inferior degree offense of third degree assault. We affirm Martin's conviction.[1]

## FACTS

Martin was in a relationship with Alicia McDonald. During the relationship, Martin would punch McDonald and once knocked her unconscious. The couple broke up.

Approximately two years after last seeing Martin, McDonald ran into him at a gas station. Upon seeing Martin, McDonald left the gas station. Martin followed her. McDonald sped up,

---

[1] The State filed a notice of cross appeal, contending that Martin's offender score was miscalculated. The State now believes there was no error and has moved to withdraw its notice of cross appeal. We grant the State's motion to withdraw its cross appeal. *See* RAP 18.2 (regarding voluntary withdrawal of review).

but Martin pursued her until McDonald eventually pulled into a parking lot. Martin pulled in after her, "ripped" her door open, and "came in at [her.]" 1 Verbatim Report of Proceedings (VRP) (Mar. 22, 2017) at 52. Martin demanded that McDonald have sex with him or he "would rape and kill [her]." 1 VRP (Mar. 22, 2017) at 52. McDonald believed Martin would carry out his threats.

Martin eventually calmed down. McDonald heard people at a nearby playground. She started to run towards the playground, but Martin grabbed her, put his hand over her nose and mouth so she could not scream, and twisted her neck. As a result, she could not breathe. McDonald passed out. When McDonald woke up, she was on the ground, and Martin was kicking and punching her. McDonald went to the hospital for treatment of bruises, cuts over her body, and a large lump on her head.

The State charged Martin with second degree assault—domestic violence based on strangulation and/or suffocation, and felony harassment—domestic violence.

During Martin's trial, the State requested an inferior degree offense jury instruction for third degree assault. Martin objected.

Martin argued that the State had not met the first prong of the three-part test to warrant an inferior degree jury instruction. Regarding the second prong, Martin stated, "Now, that one we meet." 2 VRP (Mar. 23, 2017) at 214. And regarding the third prong, Martin stated, "And I think we meet that [prong] as well." 2 VRP (Mar. 23, 2017) at 214. The trial court allowed the instruction.

The trial court instructed the jury:

> A person commits the crime of assault in the third degree when he or she, with criminal negligence, causes bodily harm accompanied by substantial pain that extends for a period sufficient to cause considerable suffering.

Clerk's Papers (CP) at 108 (Jury Instruction No. 14). The trial court further instructed the jury, "When criminal negligence is required to establish an element of a crime, the element is also established if a person acts intentionally or knowingly." CP at 109 (Jury Instruction No. 15).

The jury found Martin not guilty of second degree assault, but guilty of third degree assault—domestic violence, and felony harassment—domestic violence.

Martin appeals.

## ANALYSIS

A. INFERIOR DEGREE OFFENSE JURY INSTRUCTION

Martin argues that the trial court erroneously instructed the jury on the inferior degree offense of third degree assault. We disagree.

### 1. Legal Principles

RCW 10.61.003 provides that a jury may find a defendant not guilty of the charged offense, but guilty of an offense with an inferior degree. Under this statute, parties have a statutory right to an inferior degree offense instruction. *State v. Corey*, 181 Wn. App. 272, 276, 325 P.3d 250, *review denied*, 181 Wn.2d 1008 (2014).

An instruction on an inferior degree offense is proper if:

> "(1) the statutes for both the charged offense and the proposed inferior degree offense 'proscribe but one offense' [legal prong]; (2) the information charges an offense that is divided into degrees, and the proposed offense is an

inferior degree of the charged offense; and (3) there is evidence that the defendant committed only the inferior offense [factual prong]."

*State v. Fernandez-Medina*, 141 Wn.2d 448, 454, 6 P.3d 1150 (2000) (quoting *State v. Peterson*, 133 Wn.2d 885, 891, 948 P.2d 381 (1997)).

2. Standard of Review

The factual prong is satisfied if the evidence would permit a jury to rationally find the defendant guilty of the lesser offense but acquit the defendant of the greater offense. *Fernandez-Medina*, 141 Wn.2d at 455-56. "When determining if the evidence at trial was sufficient to support the giving of an instruction, the appellate court is to view the supporting evidence in the light most favorable to the party that requested the instruction." *Id.* "A trial court's decision about whether to instruct on a lesser-degree offense involves the application of law to facts, which we review de novo." *Corey*, 181 Wn. App. at 276.

3. Third Degree Assault Instruction

Here, the parties do not contest that the first two prongs of the inferior degree test are satisfied. Therefore, this case turns on the third (factual) prong of the test.[2] Martin argues his actions were intentional, not negligent.

To convict on third degree assault, the State had to prove that Martin, "[w]ith criminal negligence" caused bodily harm accompanied by substantial pain that extended for a period

_____

[2] Martin did not object to the factual prong at trial. In general, a party is required to object to an erroneous instruction in order to afford the trial court the opportunity to correct the error. CrR 6.15(c). However, this court has the discretion to reach issues raised for the first time on appeal. RAP 2.5(a). Because Martin objected to the instruction below, albeit on a different basis than the argument he now raises, and because we have the discretion to address issues raised for the first time on appeal, we reach Martin's claimed error.

sufficient to cause considerable suffering. RCW 9A.36.031(1)(f). RCW 9A.08.010(1)(d) defines criminal negligence:

> A person . . . acts with criminal negligence when he or she fails to be aware of a substantial risk that a wrongful act may occur and his or her failure to be aware of such substantial risk constitutes a gross deviation from the standard of care that a reasonable person would exercise in the same situation.

Here, the evidence is sufficient to find that Martin, with criminal negligence, caused bodily harm accompanied by substantial pain that extended for a period sufficient to cause considerable suffering. Martin grabbed McDonald, put his hand over her nose and mouth so she could not scream or breathe, and twisted her neck. McDonald passed out. When McDonald woke up, she was on the ground and Martin was kicking and punching her. McDonald went to the hospital for treatment of bruises, cuts over her body, and a large lump on her head.

Although there was evidence that Martin put his hand over McDonald's nose and mouth, McDonald testified that Martin did this so that she could not scream. This testimony establishes facts sufficient to permit a jury to find Martin not guilty of the greater offense of second degree assault based on strangulation and/or suffocation.

Viewing the evidence in the light most favorable to the party requesting the inferior degree instruction, in this case the State, there is substantial evidence to allow the jury to rationally find that Martin committed only third degree assault to the exclusion of the charged offense of second degree assault based on strangulation and/or suffocation. Thus, the trial court did not err in instructing the jury on third degree assault.

No. 50851-6-II

B.       APPELLATE COSTS

Martin asks that we decline to impose appellate costs if the State prevails on appeal. If the State makes a request for appellate costs, Martin may challenge that request before a commissioner of this court under RAP 14.2.2.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Maxa, C.J.

_____
Bjorgen.

6