# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49614-3-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| BENJAMIN JEROME WILLIAMS, | |
| Appellant. | |

MAXA, C.J. – Benjamin Williams appeals his sentence of life confinement without the possibility of release under the Persistent Offender Accountability Act (POAA), RCW 9.94A.570, for his conviction of second degree rape. He also appeals his conviction of fourth degree assault on double jeopardy grounds.[1]

The trial court found that Williams qualified as a persistent offender under the POAA based on his current second degree rape conviction and a prior conviction of attempted first degree rape in Oregon. The court ruled that the Oregon conviction was factually comparable to attempted second degree rape in Washington, a strike offense under the POAA.

We hold that (1) the trial court did not err in finding that Williams's Oregon conviction of attempted first degree rape was a prior conviction under the POAA because it was factually

---

[1] Williams also was convicted of second degree assault, third degree rape of a child, third degree child molestation, and unlawful imprisonment. However, he does not challenge those convictions.

comparable to attempted second degree rape in Washington, (2) having the trial court find by a preponderance of the evidence that he had a prior strike offense under the POAA rather than having the jury find that fact beyond a reasonable doubt does not violate the right to a jury trial and due process or equal protection under controlling authority, (3) Williams's convictions for both second degree and fourth degree assault violate double jeopardy because the trial court did not instruct the jury that each charge had to be based on separate criminal conduct, and (4) the trial court will be able to address on remand the imposition of a criminal filing fee as part of Williams's sentence and a scrivener's error in recording Williams's criminal history.

Accordingly, we affirm Williams's sentence under the POAA for his second degree rape conviction, vacate Williams's fourth degree assault conviction, and remand to the trial court for resentencing consistent with this opinion.

FACTS

In 2005, Williams pleaded guilty to attempted first degree rape and fourth degree assault in Oregon. Williams's petition to enter a guilty plea stated that he unlawfully and intentionally attempted, by forcible compulsion, to engage in sexual intercourse with the victim and unlawfully and recklessly caused physical injury to the victim.

In 2014, the State charged Williams with second degree rape, third degree child rape, third degree child molestation, second degree assault with an enhancement factor for intent to commit a felony with sexual motivation, fourth degree assault, and unlawful imprisonment with sexual motivation. After trial, the jury found Williams guilty of all counts, but found that Williams did not have a sexual motivation for either the second degree assault or unlawful imprisonment convictions.

At sentencing, the State presented certified copies of the judgment and sentence for Williams's 2005 Oregon conviction of attempted first degree rape. The trial court found that Williams's Oregon conviction of attempted first degree rape was factually comparable to attempted second degree rape in Washington. Therefore, the court ruled that the Oregon conviction constituted a strike offense under the POAA.

The trial court sentenced Williams to a term of life in prison without the possibility of release as a persistent offender for the second degree rape conviction based on his current conviction and his Oregon conviction of attempted first degree rape. The court also sentenced Williams to 70 months confinement for the second degree assault conviction and 364 days confinement as a consecutive sentence for the fourth degree assault conviction.

Williams appeals the trial court's finding that his Oregon conviction of attempted first degree rape was factually comparable to attempted second degree rape in Washington and his conviction of fourth degree assault.

ANALYSIS

A.    COMPARABILITY OF OREGON OFFENSE

Williams argues that the trial court erred in finding that his 2005 Oregon conviction of attempted first degree rape was a prior strike offense for purposes of the POAA. He argues that the Oregon conviction was not factually comparable to attempted second degree rape in Washington. We disagree.

1.    Legal Principles

RCW 9.94A.570 states that anyone convicted as a persistent offender shall be sentenced to a term of total confinement for life without the possibility of release. Under former RCW 9.94A.030(37) (2012), the definition of persistent offender includes someone who twice has been

convicted of certain listed offenses in Washington or convicted of comparable out-of-state offenses. Those listed offenses include both second degree rape and attempted second degree rape. Former RCW 9.94A.030(37)(b)(i). We review de novo whether an offense can be classified as a strike offense under former RCW 9.94A.030(37). *See State v. Latham*, 183 Wn. App. 390, 396-97, 335 P.3d 960 (2014).

For an out-of-state offense to be classified as a prior conviction for purposes of the POAA, that offense must be comparable to a Washington offense that is listed in former RCW 9.94A.030(37). *See Latham*, 183 Wn. App. at 397. The State has the burden of proving by a preponderance of the evidence that an out-of-state offense is comparable to a Washington offense. *Id.* at 398.

We apply a two-part test to determine whether an out-of-state offense is comparable to a Washington offense. *In re Pers. Restraint of Canha*, 189 Wn.2d 359, 367, 402 P.3d 266 (2017). First, we determine if the offenses are legally comparable by comparing their elements. *Id.* Second, if the offenses are not legally comparable we determine whether the offenses are factually comparable by deciding if "the defendant's conduct would have violated a Washington statute." *Id.* In assessing factual comparability, we can consider only those facts in the out-of-state proceeding that were proven to a trier of fact beyond a reasonable doubt or to which the defendant admitted or stipulated. *Id.* Admitted facts include facts in the defendant's plea statement. *State v. Arndt*, 179 Wn. App. 373, 381, 320 P.3d 104 (2014).

Here, the State concedes that attempted first degree rape in Oregon is not legally comparable to attempted second degree rape in Washington. The State argues and the trial court found that the offenses are factually comparable.

2.    Factual Comparability Analysis

Williams pleaded guilty to attempted first degree rape and fourth degree assault in the 2005 Oregon proceeding.  In his petition to enter a guilty plea, Williams stated:

> I did unlawfully [and] intentionally attempt, by forcible compulsion, to engage in sexual intercourse [with] [victim] [and] as part of the same act and transaction I did unlawfully [and] recklessly cause physical injury to [victim].

Clerk's Papers at 124.  The question here is whether that admitted conduct would have supported a conviction of attempted second degree rape in Washington.

In Washington, a person is guilty of second degree rape if he or she engages in sexual intercourse by forcible compulsion.  RCW 9A.44.050(1)(a).  And in Washington, criminal attempt is defined as any act which is a substantial step toward the commission of a crime with intent to commit that specific crime.  RCW 9A.28.020(1).  Accordingly, to be factually comparable to attempted second degree rape, Williams's admitted conduct must have demonstrated that he (1) specifically intended to engage in sexual intercourse by forcible compulsion, and (2) took a substantial step towards the completion of that crime.  *See State v. DeRyke*, 149 Wn.2d 906, 913, 73 P.3d 1000 (2003).

a.    Forcible Compulsion

Williams argues that his admission that he attempted by forcible compulsion to engage in sexual intercourse fails to establish forcible compulsion under Washington law because Oregon has a broader definition of that term.  We disagree.

In Washington, "forcible compulsion" is defined as "physical force *which overcomes resistance*, or a threat, express or implied, that places a person in fear of death or physical injury to herself or himself or another person."  RCW 9A.44.010(6) (emphasis added).  The degree of physical force required to constitute forcible compulsion must be more than that required to

achieve penetration and must be directed at overcoming the victim's resistance. *State v. Corey*, 181 Wn. App. 272, 277, 325 P.3d 250 (2014).

Oregon's definition of forcible compulsion is "to *compel* by (a) Physical force; or (b) A threat, express or implied, that places a person in fear of immediate or future death or physical injury to self or another person." Former OR. REV. STAT. (ORS) 163.305(2)(2009) (emphasis added). The Oregon statute does not expressly require physical force that overcomes resistance.

However, the Washington and Oregon definitions of forcible compulsion essentially are the same. There is no meaningful difference between using physical force to compel an act and using physical force to overcome resistance to engage in that act. Compelling a person to engage in an act necessarily implies that the person is resisting. Otherwise, there would be no need to compel the act.

We hold that Williams's Oregon offense is factually comparable to attempted second degree rape in Washington with regard to the specific intent requirement.

b.    Substantial Step

Williams also argues that his admitted conduct in his plea statement did not articulate a substantial step toward committing second degree rape, which is a necessary element of attempted second degree rape. We disagree.

In Washington, criminal attempt is defined as any act which is substantial step toward the commission of a crime with intent to commit that specific crime. RCW 9A.28.020(1). In Oregon, criminal attempt requires "intentionally engag[ing] *in conduct which constitutes a substantial step* toward commission of the crime." ORS 161.405(1) (emphasis added). "A 'substantial step' is an act that is 'strongly corroborative' of the actor's criminal purpose." *State v. Wilson*, 1 Wn. App. 2d 73, 83, 404 P.3d 76 (2017) (quoting *State v. Johnson*, 173 Wn.2d 895,

899, 270 P.3d 591 (2012)). Williams admitted in his plea statement that he intentionally attempted by forcible compulsion to engage in sexual intercourse with the victim. Therefore, by admitting his attempt, Williams admitted that he took a substantial step toward engaging in sexual intercourse by forcible compulsion.

Williams argues that his plea statement did not articulate a specific substantial step. But his statement indicated that he took an act which amounted to forcible compulsion, which clearly would constitute a substantial step. And Williams provides no authority for the proposition that a defendant must admit to specific conduct for an out-of-state attempt offense to be comparable to a Washington attempt offense.

We hold that Williams's Oregon offense is factually comparable to attempted second degree rape in Washington with regard to the substantial step requirement.

c. Summary

Williams's plea statement is sufficient to show that he intended to engage in sexual intercourse with the victim by forcible compulsion and took a substantial step toward that act. Therefore, Williams's Oregon offense of attempted first degree rape is factually comparable to the Washington offense of attempted second degree rape. Accordingly, we hold that the trial court did not err in ruling that the Oregon conviction constituted a strike offense under the POAA.

B. TRIAL COURT FINDING PRIOR STRIKE OFFENSE

Williams argues that his POAA sentence is invalid because having the trial court find by a preponderance of the evidence that he had a prior strike offense under the POAA rather than having the jury find that fact beyond a reasonable doubt violates (1) the right to a jury trial and due process, and (2) equal protection. We disagree.

### 1. Right to Jury/Due Process

Williams claims that he has a constitutional right to have a jury find, beyond a reasonable doubt, that he had a prior strike offense under the POAA. But this claim is inconsistent with United States Supreme Court and Washington Supreme Court precedent.

In *Apprendi v. New Jersey*, the United States Supreme Court held that "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) (emphasis added). Whether a defendant had a prior strike offense under the POAA is a fact of a prior conviction.

Williams argues that subsequent developments in United States Supreme Court jurisprudence have eroded *Apprendi*'s prior conviction exception. But our Supreme Court has stated that based on *Apprendi*, "We have consistently held that the existence of a prior conviction need not be presented to a jury and proved beyond a reasonable doubt." *State v. Olsen*, 180 Wn.2d 468, 473, 325 P.3d 187 (2014). And our Supreme Court has expressly stated that the "argument that recent United States Supreme Court precedent dictates that his prior convictions must be proved to a jury beyond a reasonable doubt is unsupported." *State v. Witherspoon*, 180 Wn.2d 875, 892, 329 P.3d 888 (2014).

We hold that having the trial court find by a preponderance of the evidence that he had a prior strike offense under the POAA did not violate Williams's right to a jury trial or due process rights.

### 2. Equal Protection

Williams argues that having the trial court find by a preponderance of the evidence that he had a prior strike offense under the POAA when elements of crime must be proved to the jury

beyond a reasonable doubt violates the equal protection clause of the Fourteenth Amendment. He claims that treating sentencing factors differently than elements of a crime cannot withstand scrutiny.

We previously held that the State has a rational basis for treating sentencing factors under the POAA differently than elements of a crime, and that the POAA does not violate equal protection. *State v. McKague*, 159 Wn. App. 489, 517-19, 246 P.3d 558, *affirmed on other grounds by* 172 Wn.2d 802 (2011). Both Division One and Division Three of this court have agreed. *State v. Williams*, 156 Wn. App. 482, 496-98, 234 P.3d 1174 (2010); *State v. Langstead*, 155 Wn. App. 448, 453-57, 228 P.3d 799 (2010). Williams has not presented any compelling reason to disregard this authority.

We hold that having the trial court find by a preponderance of the evidence that he had a prior strike offense under the POAA did not violate Williams's right to equal protection.

C.      DOUBLE JEOPARDY

Williams argues, and the State concedes, that his convictions of second degree assault and the lesser included offense of fourth degree assault violate double jeopardy. We agree.

The constitutional guarantee against double jeopardy protects defendants from being punished multiple times for the same offense. *State v. Mutch*, 171 Wn.2d 646, 661, 254 P.3d 803 (2011); *see* U.S. CONST. amend. V; WASH. CONST. art. I, § 9. We review double jeopardy claims de novo. *State v. Classen*, 4 Wn. App. 2d 520, 531, 422 P.3d 489 (2018). The remedy for a violation of double jeopardy is to vacate the lesser charge or the charge that carries a lesser sentence. *State v. Albarran*, 187 Wn.2d 15, 21-22, 383 P.3d 1037 (2016).

Where the trial court fails to adequately instruct the jury that it must find that each conviction was based on separate and distinct conduct, the possibility that a defendant may

receive multiple punishments for the same criminal conduct violates double jeopardy. *Mutch*, 171 Wn.2d at 662. Multiple convictions violate double jeopardy if it was not " '*manifestly apparent* to the jury that the State [was] not seeking to impose multiple punishments for the same offense.' " *Id.* at 664 (alteration in original) (quoting *State v. Berg*, 147 Wn. App. 923, 931, 198 P.3d 529 (2008)).

Here, the State did not argue and the trial court did not instruct the jury that the second degree assault and fourth degree assault charges must be based on separate facts or conduct. Because the court did not provide a separate and distinct conduct instruction, it was not clear to the jury whether the same act that constituted second degree assault also could be the basis for the fourth degree assault conviction.

We accept the State's concession and hold that Williams's convictions of second degree assault and fourth degree assault violate double jeopardy. Accordingly, we vacate Williams's conviction of fourth degree assault and remand to the trial court for resentencing.

D. CRIMINAL FILING FEE

Williams argues that the trial court's imposition of a criminal filing fee as part of his sentence must be vacated under the 2018 amendments to RCW 36.18.020(2)(h), which now prohibits imposition of the criminal filing fee on an indigent defendant. Because we remand for resentencing on other issues, the trial court will be able to address this issue at resentencing.

E. SCRIVENER'S ERROR

Williams argues, and the State concedes, that the trial court erred by recording two Oregon convictions of second degree assault as comparable to class B felonies in Washington in his criminal history in the judgment and sentence. Because we remand for resentencing on other issues, the trial court will be able to correct this scrivener's error in Williams's criminal history.

CONCLUSION

We affirm Williams's sentence under the POAA for his second degree rape conviction, vacate Williams's fourth degree assault conviction, and remand to the trial court for resentencing consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, C.J.


We concur:

_____
MELNICK, J.

_____
SUTTON, J.