# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57179-0-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| SHANE A. WIDEN, | |
| Appellant. | |

CHE, J. — Shane Widen appeals his conviction for first degree possession of stolen property for possessing a stolen tractor from Home Depot. Widen argues that the trial court erred by not instructing the jury on third degree possession of stolen property and by imposing the victim penalty assessment (VPA). We affirm the conviction and remand for the trial court to strike the VPA from Widen's judgment and sentence.

## FACTS

In February 2020, a mini skid steer tractor with an auger attachment and a trailer was stolen from a Home Depot parking lot. Justin Kelly, a lead rental technician for Home Depot, used the GPS tracker to locate the tractor in a shop on Widen's property.

The State charged Widen with first degree possession of stolen property. At trial, Kelly testified that the used mini skid steer tractor's used market value was about $30,000. He was unsure of the replacement value. Widen did not cross-examine Kelly regarding the value of the tractor.

Widen argued that the jury should be instructed on third degree possession of stolen property. He argued that the evidence was insufficient to show that the tractor's value was over $5,000, as required for first degree possession of stolen property. The trial court denied Widen's request to instruct the jury on third degree possession of stolen property, explaining:

> [T]here's no evidence from which a jury could find that the defendant committed the crime of possession of stolen property in the third degree but not possession of stolen property in the first degree. The State has presented evidence that he was in possession of a[n] item that was worth more than—substantially more than $5,000 in value. He has not presented any evidence or made any argument concerning the value of the property. Instead, his evidence focuses on the fact that he didn't possess the property.
>
> So either the jury will believe his evidence or will accept that there's a reasonable doubt as to the State's proof of possession of stolen property and acquit him totally or they will find him guilty if they're convinced beyond a reasonable doubt, but there's no factual scenario on which they could find him guilty of the lesser crime.

Report of Proceedings at 261-62.

The jury found Widen guilty of first degree possession of stolen property.

At sentencing, the trial court found Widen indigent under RCW 10.101.010(3)(a)-(c). The trial court imposed the then-mandatory VPA.

Widen timely appeals.

## ANALYSIS

### I. THIRD DEGREE POSSESSION OF STOLEN PROPERTY INSTRUCTION

Widen argues that the trial court erred by refusing to instruct the jury on third degree possession of stolen property. We disagree.

In general, we review a trial court's choice of jury instructions for an abuse of discretion. *State v. Hathaway*, 161 Wn. App. 634, 647, 251 P.3d 253 (2011). Jury instructions are

appropriate if they allow counsel to argue their theories of the case, are not misleading, and when read as a whole properly state the applicable law. *State v. Aguirre*, 168 Wn.2d 350, 363-64, 229 P.3d 669 (2010). A defendant is entitled to an instruction regarding his theory of the case if there is evidence to support the theory. *State v. Werner*, 170 Wn.2d 333, 336, 241 P.3d 410 (2010). The trial court's refusal to give an appropriate instruction is reversible error if the absence of the instruction prevents the defendant from arguing his theory of the case. *State v. Harvill*, 169 Wn.2d 254, 259, 234 P.3d 1166 (2010).

RCW 10.61.003 provides that a jury may find a defendant not guilty of the charged offense but guilty of an offense with an inferior degree. Under this statute, both parties have a statutory right to an inferior degree offense instruction. *State v. Corey*, 181 Wn. App. 272, 276, 325 P.3d 250 (2014). An instruction on a lesser degree offense is appropriate where (1) the statutes for both the charged offense and lesser offense proscribe only one offense, (2) the state charges an offense that is divided into degrees and the proposed offense is a lesser degree of the charged offense, and (3) the jury could reasonably find that the defendant committed only the lesser offense. *State v. Coryell*, 197 Wn.2d 397, 400, 483 P.3d 98 (2021) (applying *State v. Workman*, 90 Wn.2d 443, 447-48, 584 P.2d 382 (1978)).

Similarly, RCW 10.61.006 provides for the instruction of a lesser degree offense of the crime charged. An instruction on a lesser included offense is warranted when two conditions are met: "first, each of the elements of the lesser offense must be a necessary element of the offense charged [and,] second, the evidence in the case must support an inference that the lesser crime was committed." *Workman*, 90 Wn.2d at 447-48 (citations omitted).

3

Here, the trial court and both parties failed to note the distinction between lesser included and inferior degree offense. "'[T]his confusion of terms is unfortunate because it blurs the difference between the two types of included offenses." *Fernandez-Medina*, 141 Wn.2d 448, 454, 6 P.3d 1150 (2000) (quoting *State v. Tamalini*, 134 Wn.2d 725, 732, 953 P.2d 450 (1998)). However, the distinction between lesser included and inferior degree offense instructions is not significant in this case. This is so because the test for determining if a party is entitled to an instruction on an inferior degree offense differs from the test for entitlement to an instruction on a lesser included offense only with respect to the legal component of the test. Here, Widen and the State each agree that the legal component of the test is satisfied.

As such, our focus turns to the factual component of the test. When determining whether the evidence was sufficient to support an instruction, we view the evidence in the light most favorable to the party that requested the instruction. *Coryell*, 197 Wn.2d at 415. A jury instruction on an inferior degree or lesser included offense should be given if the evidence would permit the jury to rationally convict on the inferior offense and acquit on the greater offense. *Id*. The evidence must affirmatively establish the defendant's theory of the case, not merely allow the jury to disbelieve evidence of guilt. *Id*.

The difference between first and third degree possession of stolen property is the value of the stolen property. See RCW 9A.56.150-.170. A person is guilty of possessing stolen property in the first degree if he possesses stolen property, which exceeds $5,000 in value. RCW 9A.56.150. A person is guilty of possessing stolen property in the third degree if he possesses stolen property that does not exceed a value of $750. RCW 9A.56.170.

At trial the State produced evidence that the tractor's value was well over $5,000. Kelly testified that the used mini skid steer tractor's market value was about $30,000. Widen did not cross-examine Kelly regarding the tractor's value or provide any evidence that the value was lower. Widen argues that Kelly's testimony was insufficient to prove the tractor's value because he had no expertise in valuing tractors and had not examined the tractor to know its particular value. But these arguments go to the sufficiency of the State's evidence, which is a question left to the jury and an issue that Widen does not raise on appeal.

Widen is correct that in determining whether to instruct the jury on a lesser included or inferior degree offense courts must take the evidence in the light most favorable to the requesting party. However, that favorable light does not conjure evidence out of thin air. "[T]he evidence must affirmatively establish the defendant's theory of the case, it is not enough that the jury might disbelieve the evidence pointing to guilty." *Coryell*, 197 Wn.2d at 415. The record is devoid of any evidence that the value of the tractor was less than $750. Even taking the evidence in the light most favorable to Widen, we hold that the trial court did not err by refusing to instruct the jury on third degree possession of stolen property.

## II. VICTIM PENALTY ASSESSMENT

Widen also argues that the $500 VPA should be stricken from his judgment and sentence. We agree.

Effective July 1, 2023, RCW 7.68.035(4) prohibits courts from imposing the VPA on indigent defendants as defined in RCW 10.01.160(3). *See State v. Ellis*, 27 Wn. App. 2d 1, 16, 530 P.3d 1048 (2023). For purposes of RCW 10.01.160(3), a defendant is indigent if they meet the criteria in RCW 10.101.010(3)(a)-(c). Although this amendment took effect after Widen's

sentencing, it applies to cases pending on appeal. *Ellis*, 27 Wn. App. 2d at 16. The trial court determined that Widen was indigent under RCW 10.101.010(3)(a)-(c). Therefore, the $500 VPA must be stricken from the judgment and sentence.

We affirm Widen's conviction but remand to the trial court to strike the VPA.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Maxa, P.J.

Price, J.